## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.

                                  CASE NO. 1:19-CV-04202-LMM

        PLAINTIFF,

VS.

HOWARD D. MASON, III, et al.

        DEFENDANTS.

## MOTION TO DISMISS OF DEFENDANTS WILLIE WALKER AND LEAGUE SERVICES, LLC

In accordance with the provisions of Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6), Defendants Willie Walker and League Services, LLC. (hereinafter "The Walker Defendants") respectfully move to dismiss this action, ECF Docket #94, with prejudice.

A memorandum in support of this motion is attached.

## MEMORANDUM OF LAW

### I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff, IOU Central, Inc., a Delaware corporation, has filed a complaint that alleges claims for declaratory relief, breach of contract, breach of fiduciary duty, unjust enrichment, equitable lien, constructive trust, violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), violation of the Georgia RICO statute and attorney's fees against Willie Walker, an Ohio citizen, League Services, LLC, an Ohio limited liability company, and several additional parties, that are unrelated to Walker or League Services.

IOU has alleged that Defendants Walker and League acquired real property in Ohio on April 26, 2018, that was sold on May 14, 2019, to a third party, who has also been named by IOU as a Defendant in this action. The Complaint alleges that Defendants Walker and League Services acquired and later transferred the Ohio real property as part of a multiparty scheme to avoid payment of a loan made by IOU to parties unrelated to Walker or League Services, specifically - Howard D. Mason and others.

The Complaint alleges that this Honorable Court may exercise subject matter jurisdiction over this dispute under 28 U.S.C. §1331 and 1332. The Complaint alleges federal question jurisdiction arises under 18 U.S.C. §1961, the federal RICO statute. The Complaint further alleges diversity jurisdiction on grounds that the

citizenship of IOU is diverse from that of both Walker and League Services. For reasons explained below, this action should be dismissed in relation to Walker and League Services for lack of subject matter and personal jurisdiction. It should also be dismissed for failure to state a RICO claim against Walker or League Services.

## II.   <u>MOTION TO DISMISS STANDARD</u>

Under the Federal Rules, a complaint must only set forth "a short and plain statement of the claim showing the pleader is entitled to relief," so as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  In *Twombly*, the Supreme Court held that to satisfy Fed.R.Civ.P. 8, a complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible.  The threshold of plausible grounds simply requires enough facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct alleged.  *Id*. at 556.  This plausibility requirement allows a well-pleaded complaint to proceed even if it strikes a well-informed judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Id*.

In *Ashcroft v. Iqbal*, the Supreme Court made it clear that the Fed.R.Civ.P. 8 pleading standard applies with the same strictness in "all civil actions."  556 U.S. –, 129 S.Ct. 1937, 1953 (2009).  Both *Twombly* and *Iqbal* left intact the notion that Fed.R.Civ.P. 8 has a low bar requiring only that a complaint provide the defendant

with fair, not factual notice. *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). With regard to notice, *Iqbal* only requires that a plaintiff's complaint merely "present a story that holds together." *Id.* at 404. While sufficient factual allegations are necessary, *Twombly* does not require that a plaintiff present a fully developed record. *Lewis v. Taylor*, U.S. Dist. Ct. No. 1:10-CV-00108, 2010 U.S. Dist. LEXIS 98697 (S.D. Ohio, Sept. 21, 2010). "A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*"* *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004). "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv*, 487 F.3d at 471. Defendant has the burden of establishing that *plaintiff* has not stated a claim for relief. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

Under these firmly established pleading standards the Walker and League Services' Motion to Dismiss should be granted.

## III.   RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS-
## Federal Question Jurisdiction

The conduct of the Walker Defendants as alleged in the Fourth Amended complaint does not state a prima facie violation of the federal RICO Statute.  All required RICO elements have not been pleaded within the Complaint. A violation of the RICO statute involves (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Heinrich v. Waiting Angels Adoption Services, Inc.,* 688 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R. L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)). Racketeering activity consists of acts which are prohibited under a number of federal statutes that are listed in 18 U.S.C. §§ 1961 (1)(A) & (B), *et seq.* These indictable offenses may include underlying predicate acts of mail and wire fraud, or violations of 18 U.S.C. §§ 1341 and 1343. To establish a violation of 18 U.S.C. § 1962(c), a plaintiff must allege (1) the existence of an enterprise that affects interstate or foreign commerce, (2) that the defendants were "employed by" or "associated with" the enterprise, (3) that the defendants participated in the conduct of the enterprise's affairs, and (4) that the participation was through "a pattern of racketeering activity." *United States v. Posada–Rios,* 158 F.3d 832, 855 (5th Cir.1998); *United States v. Erwin,* 793 F.2d 656, 670 (5th Cir.1986). A plaintiff can initiate a RICO proceeding in the court of any district in which a defendant resides, is found, has an agent, or transacts his affairs. *See* 18 U.S.C. § 1965 (a). A complaint

alleging RICO violations may also be brought in the judicial district in which a substantial part of the events occurred. *See* 28 U.S.C. § 1391(b)(2). Pursuant to 18 U.S.C. § 1965(b), the RICO venue statute allows nationwide service if it is shown that the "ends of justice" require such a result.

Plaintiff has alleged without the required degree of specificity that the Walker Defendants conspired to commit wide-ranging acts of fraud in furtherance of a nationwide racketeering enterprise. The substantive RICO claims in the Complaint do not assert that the Walker Defendants in this case, knowingly conspired with and through their agents and representatives to engage in racketeering activities, through mail and wire transmissions, to defraud Plaintiff. The Complaint fails to allege the Walker Defendants were in privity with IOU or had any personal involvement in or knowledge of the IOU loan. According to the Complaint the IOU loan was made to third parties who have no relationship whatsoever to the Walker Defendants. Moreover. the Complaint does not allege any Walker Defendants' activities that affected interstate commerce. For these reasons the Complaint fails to allege all RICO elements. Accordingly, the motion to dismiss for failure to state a RICO claim should be granted.

## IV.  PERSONAL JURISDICTION – FED. RULE 12(b)(2)

A Rule 12(b)(2) motion to dismiss requires a court to 'determine whether the plaintiff has alleged sufficient facts to support the exercise of personal jurisdiction

over a defendant.' Where personal jurisdiction is lacking, courts are to dismiss the matter without prejudice." *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 520 (6th Cir. 2006). "The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Theunissen v. Matthews,* 935 F.2d 1454, 1459 (6th Cir. 1991)).

"A court's exercise of personal jurisdiction over a non-resident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements." *Intera Corp. v. Henderson,* 428 F.3d 605, 615 (6th Cir. 2005).

When a court resolves the issue of personal jurisdiction without a hearing, the factual allegations relevant to personal jurisdiction must be construed in a light most favorable to the plaintiff and the court should resolve all reasonable competing inferences in Plaintiff's favor. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

## V.   TWO-PRONG TEST FOR PERSONAL JURISDICTION: (1) LONG-ARM STATUTE AND (2) "MINIMUM CONTACTS"

A two-prong test is applied to determine whether a Court has personal jurisdiction over a defendant. "First, the court must determine whether the state's long-arm' statute and applicable civil rules confer personal jurisdiction, and, if so,

whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *United States Sprint Communications Co. v. K's Foods*, 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048 (1994).

### A. First Prong: Long-Arm Statute

In this case the Complaint fails to even discuss the Georgia long arm statute, let alone allege that it would authorize jurisdiction over the Walker Defendants. This failure alone is basis for dismissal here.

### B. Second Prong: "Minimum Contacts"

Even when a state's long-arm statute authorizes personal jurisdiction over a nonresident defendant, personal jurisdiction of state courts is limited by the Due Process clause of the Fourteenth Amendment. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. , 137 S.Ct. 1773, 1779, 198 L.Ed.2d 395 (2017). Under due process, a court may assert personal jurisdiction over a nonresident defendant only if the defendant has certain "minimum contacts" with the forum state such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

When considering the "minimum contacts" test, personal jurisdiction can be either general or specific, depending on the nature of the contacts the defendant has

with the forum state. General jurisdiction is proper where a defendant's contacts with the forum state are of a continuous and systematic nature as to permit the state to exercise personal jurisdiction even if the suit is unrelated to the defendant's contacts with the state. Specific jurisdiction applies when a state exercises personal jurisdiction in a suit arising out of the defendant's contacts with the state. *Kauffman Racing Equip., L.L.C. v. Roberts,* 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 46-47. It is undisputed the personal jurisdiction in this case involves specific jurisdiction.

When evaluating whether subjecting an out-of-state defendant to jurisdiction would violate the notions of fair play and substantial justice, courts apply "a constitutional standard defined in the broadest terms of 'general fairness' to the defendant." *S. Machine Co., Inc. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381, 382 (6th Cir.1968). "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In this case, the Fourth Amended Complaint fails to allege that the Walker Defendants purposefully entered into any activity whatsoever in Georgia with Plaintiff.

Over the years, the courts have elaborated on the "minimum contacts" test set forth in *Internatl. Shoe Co*. First, the nonresident defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the

forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the defendant's acts or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Machine Co.* at 381. The first two requirements concern whether the non-resident defendant had "minimum contacts" with the forum state. The third requirement ensures that the contact is sufficiently substantial to make the jurisdiction over the defendant reasonable.

### a. "Purposeful Availment" and "Arising From" Requirements

"Purposeful availment" occurs when "the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum state." (Emphasis sic.) *Kauffman*, 126 Ohio St.3d 81, 2010-Ohio-2551, 93o N.E.2d 784, at ¶ 51, quoting *Burger King* at 475. This requirement ensures that a defendant "will not be hailed into a jurisdiction solely as a result of `random,' fortuitous,' or 'attenuated' contacts." Id. quoting *Burger King* at 475. Among the considerations for the "purposeful availment" requirement is whether the nonresident defendant has created continuing obligations between himself and residents of the forum. *Goldstein*, 70 Ohio St.3d 232, 236, 638 N.E.2d 54, at 237.

As for the "arise from" requirement, it simply ensures that "a defendant's contacts with the forum state are related to the operative facts of the controversy."

*Kauffman* ¶ 70, citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir.1996). This element only requires that the cause of action have a substantial connection with the defendant's activities in the forum state. *Kauffman* ¶70.

In modern commerce, interstate contracts are often negotiated and executed primarily through email communication and other electronic media. Regarding a nonresident defendant's lack of physical presence in the forum state, the United States Supreme Court has long rejected the notion that physical contacts are required for purposes of "minimum contacts." It stated:

> it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposely directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Burger King*, 471 U.S. at 476, 105 S.Ct. 2174, 85 L.Ed.2d 528. (Emphasis added)

In this case there was no contact whatsoever between IOU and the Walker Defendants.

A court may have either general or specific jurisdiction over a non-resident defendant. See, *Fortis Corp. Ins. v. Viken Ship Mgmt*., 450 F.3d 214, 218 (6th Cir. 2006). The difference between general and specific jurisdiction is as follows:

> General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. Unlike general jurisdiction, specific jurisdiction subjects the defendant to suit

in the forum state only on claims that arise out of or relate to defendant's contact with the forum.

*Watkins v. Kajima Int'l Corp.,* No. 3:08-0426, 2010 WL 3491172, at *2 (M.D. Tenn. Sept. 1, 2010) (citation and quotations omitted).

Plaintiff has not sufficiently shown that this Court has specific jurisdiction over the Walker Defendants. Courts employ a "three-part test for determining whether, consistent with due process, a court may exercise specific personal jurisdiction: (1) `the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;' (2) 'the cause of action [must] arise from the defendant's activities [with the forum];' and (3) 'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the  defendant reasonable.' *Young v. Track, Inc.,* 324 F.3d 409, 418 (6th Cir. 2003) (citations omitted). "If any element is not present, personal jurisdiction may not be exercised." *NTCH-West Tenn, Inc. v. ZTE Corp,* No. 1:12-cv-1171-JEB-egb, 2017 WL 5196623, at *5 (W.D. Tenn. Nov. 9, 2017), aff'd, *NTCH-West Tenn, Inc. v. ZTE Corp,* 761 F. App'x 485 (6th Cir. Jan. 16, 2019).

As far as business contacts with a forum state, courts have explained that:

> Business is transacted in a state when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of that state; and the defendant has purposefully availed himself of the opportunity of acting there if he

should have reasonably foreseen that the transaction would have consequences in that state.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996.); So. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 382-83 (6th Cir. 1968). Even entering into a contract with an out-of-state corporation does not automatically establish sufficient minimum contacts with a forum state for personal jurisdiction. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, (1985). In this case the Walker Defendants had no contract or other interaction with IOU. The Walker Defendants lack of any activity in Georgia or with IOU does not suffice to establish specific jurisdiction over them in Georgia.

## VI.   PLAINTIFF HAS FAILED TO DEMONSTRATE DIVERSITY JURISDICTION

Other than the RICO claim, Plaintiff has alleged jurisdiction is also based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Plaintiff has failed, however, to demonstrate that complete diversity exists between the parties thereby depriving this Court of subject matter jurisdiction over this proceeding.

Diversity must be able to be ascertained from the original complaint.  *See, Milano v. New York City taxi and Limousine Com'n*, 2007 WL 959295, at *4 (S.D.N.Y. Mar. 26, 2007).

In order for an action to be maintained in federal district court based solely upon diversity jurisdiction, complete diversity among the parties must exist. See 28 U.S.C. § 1441(b)(2); see also *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 62 ("The general-diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Accordingly, Plaintiff bears the burden of proving that neither Walker Defendant is a "citizen" of Georgia. *See, Willis v. Westin Hotel Co.*, 651 F. Supp. 598 (S.D.N.Y. 1986) ("As the party seeking to invoke this court's subject matter jurisdiction under 28 U.S.C. Section 1332, plaintiff has the burden of proving that complete diversity of citizenship exists between the parties."). Defendants have failed to meet this burden.

For limited liability companies, citizenship is determined by the citizenship of all of its members, and the LLC is considered a citizen of each state in which any of its members reside. *See Handelsman v. Bedford Vill. Assoc. Ltd. Pship*, 213 F.3d 46, 51 (2d Cir. 2000) (citation omitted). League Services is a limited liability company. There are no allegations contained in the Complaint regarding the identity of the members of League Services much less addresses. Without that information, it is impossible to determine whether complete diversity exists because a member of League Services could be a Georgia resident as such that this matter may not be maintained in federal court. Accordingly, Plaintiffs have totally failed to sufficiently

demonstrate that this Court has subject matter jurisdiction over this proceeding. A similar issue was addressed in *Strother v. Harte,* 171 F.Supp.2d 203 (S.D.N.Y. 2001) and, in support of its ruling that plaintiff therein had not adequately established subject matter jurisdiction based upon diversity of citizenship, this Court stated:

> The complaint names as plaintiffs Richard Strother; Strother Investment Co., Inc.("SIC"), a Delaware corporation with its principal place of business in Rhode Island; and Strother Film Partners HI ("SFP"), a California limited partnership. The complaint names as defendants eight individuals, alleged to reside in Illinois, Michigan, and New York, as well as two law firms: Beigel and Sandler, Ltd. ("Beigel & Sandler"), and Stern and Levy, LLC ("Stern & Levy"). The complaint alleges that Beigel & Sandler and Stern & Levy are "either corporations or other forms of business duly formed under the laws of the State of New York or a State other than the State of Rhode Island." (Cmplt.1118, 9, 10).

> The complaint does not sufficiently allege diversity jurisdiction, for it fails to allege complete diversity. For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *Cabrini .Dev. Council v. LCA—Vision, Inc.,* 197 F.R.D. 90, 93 (S.D.N.Y. 2000). Likewise, a limited partnership has the citizenship of each of its partners. Here, it is unclear from the complaint whether there is any overlap among plaintiffs and defendants or any of their partners or members. The complaint does not indicate where SFP's partners or Beigel & Sandler's partners or Stern & Levy's members "reside." Consequently, complete diversity has not been properly alleged.

Id. at 206.

## VII.  CONCLUSION

For the reasons stated above, the Walker Defendants Motion to Dismiss should be granted.

## **CERTIFICATE OF COMPLIANCE**

Per LR 5.1(C), NDGa I certify this document was prepared per LR 5.1(C), NDGa in Times New Roman 14-point typeface.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the following via the notice of electronic filing generated by the CM/ECF system, this 30th day of December, 2020.

Respectfully submitted,

LAW OFFICE OF KIMBERLY CORNWELL

*/s/ Kimberly Cornwell*
Kimberly Cornwell

Georgia Bar No. 707515

Counsel for Defendants Willie Walker and League Services, LLC